# EXHIBIT B

E-FILED; Baltimore County Circuit Court
Docket: 10/14/2025 11:13 PM; Submission: 10/14/2025 11:13 PM
Envelope: 22650083

# IN THE CIRCUIT COURT OF MARYLAND
# FOR BALTIMORE COUNTY

**RONALD BURKS**
      Plaintiff

Case No.: C-03-CV-25-004937

v.

**AVANT, LLC,**
222 W Merchandise Mart Plaza, Suite 900
Chicago, IL 60654

---

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**
120 Corporate Blvd
Norfolk, VA 23502


**TRANSUNION, LLC**
555 W Adams Street
Chicago, IL 60661
      Defendants

---

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an action for damages under the **Fair Debt Collection Practices Act** ("FDCPA"), 15 U.S.C. § 1692 et seq., The Fair Credit Reporting Act ("FCRA") 15 U.S.C § 1681et seq., and the **Maryland Consumer Debt Collection Act** ("MCDCA"), Md. Code Com. Law § 14-201 et seq.

2. This Court has jurisdiction over this matter pursuant to Md. Code Ann., Cts. & Jud. Proc. §§ 1-501 and 6-102.

3. Venue is proper in Baltimore County because Plaintiff resides here and Defendants conduct business in this jurisdiction.

## PARTIES

4. Plaintiff **Ronald Burks** ("Plaintiff") is a natural person residing in Timonium, Maryland and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and a "consumer" as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c),

5. Defendant **Portfolio Recovery Associates, LLC** ("PRA") is a limited liability company and a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Defendant **TransUnion, LLC** ("TranUnion") is also a consumer reporting agency as defined in 15 U.S.C. § 1681a(f), and conducts substantial business in Maryland and nationwide.

7. Defendant **Avant, LLC** ("Avant") are "furnishers of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 and conducts business in Maryland.

## FACTUAL ALLEGATIONS

8. On **July 7, 2025**, Plaintiff telephoned PRA regarding a purported Capital One account that Defendant was furnishing to Experian with a reported balance of **$542**.

9. During the call, **Plaintiff disputed the account and the reported balance**, calling into question both the validity of the account and the accuracy of the amount.

10. Despite Plaintiff's dispute, PRA continued to furnish information regarding the account to the CRA'S **without indicating that the account was disputed**, in violation of the FDCPA.

11. PRA does not have any account level documentation, a valid purchase agreement, or itemized accounting to substantiate the alleged balance it is attempting to collect.

12. PRA failure to mark the account as disputed materially harmed Plaintiff's creditworthiness, lowering his credit score and contributed to his denial of credit.

13. On **01/31/2024**, Plaintiff mailed a formal dispute to TransUnion challenging tradelines on his credit report which included:

    a. An Credit card from **WebBank/Avant**, which reported materially inconsistent, incomplete and inaccurate information.

15. The dispute was delivered via **Certified Mail** on **February 4, 2025** (USPS Tracking #9407111898765402207298).

```
Ronald Burks Jr
1337 CEDARCROFT RD
BALTIMORE MD 21239-2002
```



```
Transunion LLC
PO BOX 2000
CHESTER PA 19016-2000
```

16. TransUnion Received Plaintiffs dispute on February 7, 2024 at 11:58am.

Tracking Number:
**9407111898765402207298**

Latest Update

Your item was picked up at a postal facility at 11:58 am on February 7, 2024 in CHESTER, PA 19013.

Delivered
Delivered, Individual Picked Up at Postal Facility
CHESTER, PA 19013
February 7, 2024, 11:58 am

17. Plaintiffs dispute to Transunion was clear, and explain the reasons for the dispute.

> Transunion, Your reporting is not accurate or complete for the following reasons:
>
> 10. The account is showing a recent payment received of $0, which is inaccurate. Please explain how anyone can actual make a payment of 0$ ? Please see the attached correspondence to fix this matter.
>
> 11. The account is missing the alleged date of first delinquency. This is a requirement by the furnisher to provide. If they did provide it, then Transunion why are you not reporting it? You say the account is "Estimated" to be removed 11/2029. What does "estimated" mean? You are required to know exactly when it must be removed. This date is critical in determining when the account will be accurately purged from my credit file.
>
> 12. The account is showing that May 2023 was 120 days past due, yet the same account is showing 150 days past due on my Equifax report. Clearly both ratings are not correct, so which one is accurate? Or is either accurate ? Look the attached highlighted report to visually see the error.
>
> 13. The account is showing that June 2023 was 120 days past due, yet the same account is, showing 180 days past due on my Equifax report. Clearly both ratings are not correct; so which one is accurate? Or is either accurate ? Look the attached highlighted report to visually see the error.
>
> 14. The account is missing all of the historical data from July 2022 though the current date in regards to the balance, amount paid, past due amount, and remarks, why is this not reporting ? How can any lender that's looking to grant me credit make a sound and accurate decision to do so without being able to see the account history data? Look at the attached account statements to properly address this matter.
>
> 15. The account is reporting a high balance of $2,623, which I dispute as being inaccurate. I don't believe I have ever used close to my credit limit. I only recall spending $500 on this account. Please provide proof for each transaction.
>
> Please Investigate and fix all of these errors or simply delete the entire account.

18. Plaintiff requested to be sent the specific procedures used to determine the accuracy of information and requested the business names and address of all furnishers of information contacted in connection with such information and the telephone number of such furnishers.

> On top of all the inaccurate and incomplete items of information outlined above, These furnishers have thousands of complaints against them the with Consumer Financial Protection Bureau and Better Business Bureau, which furthers my belief and should give you reasonable belief that the furnishers are not reliable sources of information. Given such, Equifax and Transunion, I implore you to conduct your own investigation and don't solely rely upon the furnishers response.
>
> Equifax and Transunion, in addition to the above listed disputed information that you included in a consumer report that you prepared and published about me, Please provide including but not limited to, the business names and address of all furnishers of information contacted in connection with such information and the telephone number of such furnishers when you initially prepared the consumer report with the information, investigated the data, and reinvestigated it due to my current dispute. Also please provide the specific procedures used to determine the accuracy of the disputed information if you believe the disputed information is accurate.
>
> Please note that for the disputed accounts, unless every piece of Incomplete data is filled in and every Misleading/contradicting rerecord of information and every inaccuracy is accurately fixed or the account is deleted entirely, your investigation will not resolve my dispute.
>
> I appreciate your attention to this matter and kindly request a prompt response and resolution within the statutory timeframe of 30 days as mandated by the Fair Credit Reporting Act.

19. TransUnion failed to correct or deleted the disputed information, by:

    a. Maintaining plaintiff was first 30 days past due in January 2023.

    b. Failing to correct the balance.

    c. Failing to correct the last payment amount from "$0"

    d. Failing to provide the alleged date of first delinquency

    e. Failing to mark the account as actively being in dispute.

    f. Failing to correct and provide all the missing payment history

20. Transunion did not provide plaintiff any information regarding his request pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii) from his February 2024 dispute.

21. On or about February 10, 2024, Transunion sent plaintiff a letter to his address claiming plaintiffs letter did not "appear" to be sent or authorized by him.



22. A CRA can only terminate a valid dispute by a consumer if they determine by reasonable means that the dispute was frivolous or irrelevant.

23. The contents of that notice under subparagraph (B) shall include—(i) the reasons for the determination under subparagraph (A); and (ii) identification of any information required to investigate the disputed information, which may consist of a standardized form describing the general nature of such information.

24. TransUnion letter was not a sufficient notice nor did it have any reasonable reason to believe that plaintiff did not send or authorize his dispute to be sent, given the dispute contained identifying information, to include his Drivers license with his then current address and bank statement with his current address.

25. Upon information and belief TransUnion did not forward plaintiffs dispute to the furnishers of the dispute information.

26. Plaintiff accessed his credit file again in December 2024, only to find out that the disputed information remained unchanged.

27. That report verified that Transunion did not conduct an reinvestigation in violation of 15 U.S.C. § 1681i(a)).

28. Plaintiff, in dire need of credit to do home renovations, accessed his credit file again in July 2025.

29. On or about **July 10, 2025**, Plaintiff mailed a formal dispute to TransUnion challenging two tradelines on his credit report:

    a. A collection account from **Fair Collections & Outsourcing (FCO)** reporting a balance of **$14,464.59**; and

    b. An Credit card from **WebBank/Avant,** which reported materially inconsistent delinquency dates compared to other CRAs.

30. The dispute was delivered via **Certified Mail** on **July 14, 2025** (USPS Tracking #9407111898765441187759).



31. Transunion Received Plaintiffs dispute one July 19, 2025 at 4:44pm.



32. Plaintiffs dispute to TransUnion was clear, and explain the reasons for the dispute.



Furthermore, Your report shows "PRL" (Profit and Loss Write-off) entries in multiple months in the payment history grid when the account was still open and current. Specifically August 2022, November 2022, and February 2023. This is misleading and inaccurate. Please correct this so that the payment history accurately reflects the true timing of the charge-off event, rather than displaying incorrectly it in multiple months.

Given such, This furnisher is not a reliable source if information. This raises serious doubt about the accuracy of any verification they might provide.

33. Plaintiff dispute letters included a copy of plaintiffs government ID for proof of identity and address.

34. Plaintiff also informed TransUnion that given the disputed inaccuracies the furnisher was not a reliable source of information.

35. The previously disputed information of the inflated balance still remained, and the payment history was updated to now show October 2022 as the being 30 days past due instead of January 2023.

36. TransUnion still failed to provide the alleged date of first delinquency, instead provided and estimated removal date of 11/2029.

37. That date of first delinquency is critical data point under the FCRA, as it determines the start of the 7 year reporting period for adverse information pursuant to 15 U.S.C 1681c(a)(4).

38. An incomplete or inaccurate date of first delinquency can unlawfully extend the reporting period for adverse information beyond the statutory 7 year limit, constituting impermissible re aging of the account.

39. Given, the estimated removal date is being reporting as 11/2029, it can only be reasonably assumed the date of first delinquency being reported is 11/2022, which is 7 years from that date, inherently inaccurate from the payment history stating October 2022 was the first 30 day late payment.

40. Plaintiff can only reasonably assume the disputed information was verified as accurate.

41. TransUnion or Avant, updated the account to show that the account is still in dispute, after the second dispute letter further making the account materially inaccurate and misleading.

42. Given the clear discrepancies between each CRA'S reporting, and the fact that the payment history was not correct after plaintiffs first dispute and verified as accurate, TransUnion failed to maintain maximum possible accuracy in violation of 15 U.S.C. § 1681e(b).

43. Transunion did not perform a reasonable investigation on two separate occasions in violation of 15 U.S.C. § 1681i(a)(1).

44. Furnishers like Avant, are required to maintain and adhere to written policies and procedures ensuring the accuracy and integrity of the information furnished to CRA'S.

45. Upon notice of plaintiffs disputes from the CRA'S, Avant was required to conduct a reasonable investigation into plaintiffs dispute pursuant to 15 U.S.C. § 1681s-2b.

46. The FCRA 15 U.S.C. § 1681s-2b contemplates three potential ending points to re-investigation: Verification of accuracy, a determination of inaccuracy or incompleteness, or a determination that the information "cannot be verified" see 15 U.S.C. § 1681s-2(b)(1)(E)

47. When Avant falsely "verified" the information, it violated the statue because they did not review any account level documentation or other documentation and simply parroted the already false and disputed internal records, on two separate occasions.

48. When a furnisher reports that disputed information has been verified, the question of whether the furnisher behaved reasonably will turn to whether the furnisher acquired sufficient evidence to support the conclusion that the information was true. This is a factual question, and it will be normally reserved for trial.

49. Plaintiff had to apply for credit because he needed a loan for home improvement.

50. On July 30, 2025, Plaintiff was denied much needed credit by American Express.

51. The reason for the adverse action was stated as "There is serious delinquency and derogatory public record or collection agency record on your report"

52. The adverse action letter stated " Our decision was based in whole or in part on information obtained in a report from each consumer reporting agency in this letter."

53. TransUnion was listed as a consumer reporting agency.

54. This has caused plaintiff to have a lower credit score, stressed, lose sleep, and embarrassment.

55. Plaintiff spouse and father has witnessed these manifestations of emotions caused my defendants actions or inactions.

56. Plaintiff refrained from applying again to other creditors for the credit he needed because he knew he would be denied again due to the disputed inaccurate information had not been accurately changed or deleted, causing more embarrassment, and reputational damage.

57. All named defendants conduct, actions and inactions were willful, rendering each defendant liable for punitive damages.

## CAUSES OF ACTION

### COUNT 1 – VIOLATION OF FDCPA § 1692e(8) (Failure to Report Dispute)
### (Portfolio Recovery Associates, LLC)

58. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

59. Defendant violated 15 U.S.C. § 1692e(8) by continuing to furnish the account to Experian without indicating it was disputed, after having actual knowledge of Plaintiff's dispute from the July 7 call.

60. Defendant's failure to report the dispute constitutes a per se violation of § 1692e(8).

### COUNT 2 – VIOLATION OF FDCPA § 1692e(2)(A) (False Representation of the Amount of the Debt)
### (Portfolio Recovery Associates, LLC)

49. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

50. During the July 7 call, Defendant claimed the balance had increased by over $200 due to "interest and fees" but did not provide any itemization or legal basis for those charges.

51. Upon information and belief, Defendant added or sought to collect fees and interest that were not authorized by the underlying agreement or permitted by law.

52. Misrepresenting the character, amount, or legal status of the debt violates 15 U.S.C. § 1692e(2)(A).

## COUNT 3 – VIOLATION OF FDCPA § 1692f (Unfair or Unconscionable Practices)
### (Portfolio Recovery Associates, LLC)

53. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

54. Defendant attempted to collect unauthorized charges and furnished negative information about Plaintiff's account while omitting the fact that the account was disputed, which is unfair and unconscionable conduct in violation of 15 U.S.C. § 1692f.

## COUNT 4 – VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT (MCDCA)
### (Portfolio Recovery Associates, LLC)

55. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

56. Defendant's conduct also violated Md. Code Com. Law § 14-202(8) by claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist, including:

    a. Attempting to collect an unsubstantiated balance including interest and fees; and

    b. Furnishing credit information without accurately reporting that the debt was disputed.

## COUNT 5 – FAILURE TO CONDUCT A REASONABLE REINVESTIGATION
### (15 U.S.C. § 1681i(a))
### (TransUnion)

57. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

58. Plaintiff submitted written disputes to TransUnion in **February 2024** and **July 2025,** which triggered a duty to conduct a reasonable reinvestigation.

59. TransUnion failed to correct the account, resolve discrepancies in reporting, or verify the accuracy of the trade-line at all most notably after the February 2024 dispute notice.

60. These failures resulted in inaccurate and misleading information being published in Plaintiff's credit file.

### COUNT 6 – FAILURE TO PROVIDE DESCRIPTION OF REINVESTIGATION PROCEDURE
### (15 U.S.C. § 1681i(a)(7))
### (TransUnion)

61. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

62. In his February 2024 dispute, Plaintiff explicitly requested the procedures used to verify the disputed information.

63. TransUnion failed to provide the required "method of verification" within the statutory timeframe.

64. This omission denied Plaintiff transparency into how his dispute was handled and violated his rights under § 1681i(a)(7).

### COUNT 7 – INADEQUATE DETERMINATION DISPUTE IS FRIVOLOUS
### (Violation of 15 U.S.C. § 1681i(a)(3)
### (Transunion)

65. In response to his February 2024 dispute, TransUnion sent plaintiff a letter claiming that they don't believe the letter was sent or authorized by him.

66. Plaintiffs dispute letter contained more than sufficient information to identity his identity, including his drivers license, Credit file number and copies of the credit file highlighting the disputed information.

67. Transunion failed to provide the specific reasons for determination for why they didn't believe plaintiff sent or authorized his dispute.

68. Transunion failed to provide exactly what information was needed from plaintiff for them to reinvestigate plaintiffs disputes.

69. These failures constitutes a violation of 15 U.S.C. § 1681i(a)(3).

## COUNT 8 – FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
(Violation of 15 U.S.C. § 1681e(b))
(TransUnion)

70. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

71. Under 15 U.S.C. § 1681e(b), a consumer reporting agency must follow reasonable procedures to assure maximum possible accuracy of the information it reports.

72. TransUnion failed to meet this standard in its handling of the WebBank/Avant tradeline, including but not limited to:

   a. Reporting inconsistent and contradictory payment history across time;
   b. Publishing a high balance and payment history that were not supported by underlying documentation;
   c. Updating the delinquency sequence post-dispute without adequate verification or explanation;
   d. Continuing to report the account with incomplete data (e.g., missing DOFD, blank payment history).

73. These errors occurred despite Plaintiff submitting multiple disputes, raising factual and documentary challenges to the accuracy of the tradeline.

74. TransUnion's continued publication of materially inaccurate, incomplete, and misleading information constitutes a violation of 15 U.S.C. § 1681e(b).

75. As a result, Plaintiff has suffered credit denial, emotional distress, confusion, and damage to his creditworthiness and reputation.

## COUNT 9 – ILLEGAL RE-AGING OF THE ACCOUNT
(Violation of 15 U.S.C. § 1681c(a)(4))
(Transunion, Avant)

76. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

77. Under 15 U.S.C. § 1681c(a)(4), no adverse item may be reported more than **seven years** after the **Date of First Delinquency (DOFD)** on the account.

78. The WebBank/Avant tradeline does not clearly report a DOFD, but instead lists an **estimated removal date of November 2029**, from which Plaintiff reasonably infers a DOFD of **November 2022**.

79. However, TransUnion previously reported the first 30-day delinquency as **January 2023**, and only after Plaintiff's second dispute did the payment history change to reflect **October 2022** as the first missed payment.

80. This post-dispute change, combined with the absence of a clearly disclosed DOFD, supports an inference that TransUnion and/or WebBank/Avant improperly **re-aged the account** following Plaintiff's dispute.

81. Re-aging tradelines to artificially extend the reporting period violates the FCRA and established guidance from the Federal Trade Commission.

82. As a result of this violation, Plaintiff has been subjected to continued publication of outdated derogatory information, and has suffered credit harm, reputational damage, and emotional distress.

### COUNT 10 – FAILURE TO FULFILL DUTIES AFTER NOTICE OF DISPUTE
### (Violation of 15 U.S.C. § 1681s-2(b))
### (Avant)

83. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

84. Plaintiff submitted written disputes to TransUnion regarding the WebBank/Avant tradeline. This dispute triggered TransUnion's duty to notify WebBank/Avant of the dispute pursuant to **15 U.S.C. § 1681i(a)(2)**.

85. Upon receipt of that notice from TransUnion, Avant was required under **15 U.S.C. § 1681s-2(b)** to:

- Conduct a reasonable investigation of the disputed information;
- Review all relevant information provided by the CRA;
- Report the results of the investigation to the CRA;
- Correct, delete, or block the information if found inaccurate or unverifiable; and
- Report the account as "disputed" to the CRA if the dispute remained unresolved.

86. Avant failed to fulfill **each of these obligations**:

- No reasonable investigation was conducted;
- No correction or deletion occurred, despite clear evidence of inaccuracy on its face;

- The account was **not marked as consumer disputes this account** on Plaintiff's TransUnion report;

- The account remains inaccurate, incomplete and misleading to this day.

- Avant's systemic failure to comply with § 1681s-2(b) has caused Plaintiff harm, including emotional distress, confusion, and reputational injury.

87. These violations support statutory and actual damages under 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff **Ronald Burks** respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

1. Statutory damages of up to **$1,000** under the FDCPA;

2. Statutory and/or punitive damages pursuant to 15 U.S.C. § 1681n;

3. Actual damages, including damages for emotional distress, loss of credit opportunities, and harm to credit reputation pursuant to 15 U.S.C. § 1681o;

4. Treble damages under the Maryland Consumer Protection Act;

5. Costs of suit and reasonable attorney's fees; and

6. Any further relief the Court deems just and proper.

**Date: 10/14/2025**                                             Respectfully Submitted,

**Ronald Burks** (Pro Se)
2432 chetwood circle Apt 102
Timonium, MD 21093
Email: ronburks1991@gmail.com
240-457-9507